THE PEOPLE OF THE STATE OF NEW YORK ex rel. FRANK BREWERY, Appellant, *v.* PATRICK W. CULLINAN, as State Commissioner of Excise, et al., Respondents.

1. LIQUOR TAX LAW — RIGHT TO REBATE. — PROSECUTION PENDING AT TIME OF SURRENDER OF CERTIFICATE OR WITHIN THIRTY DAYS THERE- AFTER. The conditions imposed by section 25 of the Liquor Tax Law (L. 1896, ch. 112) upon the attaching of the right to a rebate for the unexpired term of a liquor tax certificate are conditions precedent and the property right therein does not attach if there is an arrest or indict- ment or other prosecution provided for in the statute pending at the time of the surrender or within thirty days thereafter.

2. PROSECUTIONS PENDING AT TIME OF ISSUANCE OF CERTIFICATE. Prosecutions pending at the time of the issuance of the certificate and which are pending at the time of the surrender thereof, or within thirty days thereafter, apply with equal force and have the same effect upon the right to the rebate as violations committed after the certificate has been issued.

*People ex rel. Frank Brewery* v. *Lyman,* 58 App. Div. 625, affirmed.

(Argued October 1, 1901; decided October 11, 1901.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, made March 8, 1901, which affirmed an order of Special Term denying a motion for a peremptory writ of mandamus to compel the state commissioner of excise to direct the payment of a rebate on a surrendered liquor tax certificate.

The facts, so far as material, are stated in the opinion.

*Alfred R. Page* for appellant. A conviction for selling without having obtained a liquor tax certificate does not work

1901.] People ex rel. Frank Brewery v. Cullinan. 259

N. Y. Rep.]        Opinion of the Court, per Haight, J.

a forfeiture of a certificate afterward acquired, or of the right to rebate. (*Matter of Lyman*, 27 Misc. Rep. 327; 44 App. Div. 507.) The right to the rebate is a property right, of which the certificate holder can only be deprived by due process of law. (*Met. Bd. of Excise* v. *Barrie*, 34 N. Y. 657; *Niles* v. *Mathusa*, 20 App. Div. 483; 162 N. Y. 546; *People* v. *Durante*, 19 App. Div. 292; *Matter of Hilliard* v. *Giese*, 25 App. Div. 222; 155 N. Y. 702; *Matter of Jenney*, 19 Misc. Rep. 244; 19 App. Div. 627; *Matter of Lyman*, 160 N. Y. 100.) The state commissioner of excise is a ministerial and not a judicial officer, having no power to revoke a certificate or to declare forfeited any of the rights thereby secured. (*Matter of Hilliard* v. *Giese*, 25 App. Div. 222; *Matter of Lyman*, 27 Misc. Rep. 327.)

*Royal R. Scott* for respondents. No person is entitled to surrender or rebate a liquor tax certificate against whom a complaint, prosecution or action is pending on account of any violation of the Liquor Tax Law. (*Matter of Seitz*, 32 Misc. Rep. 108; *People ex rel.* v. *Lyman*, 59 App. Div. 172.) The second point in appellant's brief in the court below "that the right to the rebate is a property right of which the certificate holder can only be deprived by due process of law" is not tenable in this proceeding. (*Matter of Livingston*, 24 App. Div. 51; *People ex rel.* v. *Lyman*, 33 Misc. Rep. 243.) The relator, Frank Brewery, being only an equitable assignee, has no greater right than Anderman, and their right to rebate is subject to all the conditions, restrictions and penalties provided by the law. (*People ex rel.* v. *Lyman*, 156 N. Y. 407; 27 App. Div. 527; *People ex rel.* v. *Lyman*, 33 Misc. Rep. 243.)

Haight, J. The facts are without substantial dispute. On the 25th day of April, 1899, the special deputy commissioner of excise of the boroughs of Manhattan and Bronx, upon the payment to him of the sum of $800, issued a tax certificate to Herman Anderman, permitting him to traffic in liquors at premises 208 Henry street in the borough of Manhattan.

Anderman thereupon, by an instrument in writing, assigned and transferred to the Frank Brewery all his right, title and interest in and to the rebate for the unearned portion of the liquor tax certificate, and authorized and appointed the brewing company as his agent to surrender the certificate at its option at any time and to take such proceedings to recover the rebate as may be required. Thereafter, and on the first day of June, 1899, the brewing company, as such agent, surrendered the certificate to the special deputy commissioner of excise, accompanied by a petition praying that the rebate for the unexpired term of the tax certificate be paid over to the assignee.

It further appears that on the 22d day of April, 1899, three days before the issuing of the liquor tax certificate to Anderman, he was charged with the selling of spirituous liquors to be drunk upon his premises in violation of the Excise Law and that he was arrested and bound over by the magistrate to await the action of the grand jury; that on the first day of August thereafter he was indicted and that he was subsequently brought to trial and convicted upon his own plea of guilty and fined the sum of $800. The state commissioner of excise refused to pay the rebate because of such arrest, indictment and conviction of Anderman.

The appellant contends that under section 34 of the Liquor Tax Law the selling of liquor without a liquor tax certificate is made a misdemeanor punishable by a fine and that no forfeiture of the liquor tax certificate thereafter procured or of the rebate thereon is prescribed by the statute; that the rebate provided for is a property right which vested in the Frank Brewery and that it could not be deprived of such right except by due process of law. It is true that subdivision one of section 34 of the Liquor Tax Law prescribes a punishment by fine and does not provide for a forfeiture of the liquor tax certificate or of the rebate, but the provisions of section 25 of the law providing for a rebate impose certain conditions to the attaching of a right to the rebate. So much of the provision of that section as is material upon this review is as

follows : " If a corporation, association, copartnership or person holding a liquor tax certificate and authorized to sell liquors under the provisions of this act, against which or whom no complaint, prosecution or action is pending on account of any violation thereof, shall voluntarily, and before arrest or indictment for a violation of the liquor tax law, cease to traffic in liquors during the term for which the tax is paid under such certificate, such corporation, association, copartnership or person or their duly authorized attorney may surrender such tax certificate to the officer who issued the same, * * * If within thirty days from the date of the receipt of such certificate by the state commissioner of excise, the person surrendering such certificate shall be arrested or indicted for a violation of the liquor tax law, or proceedings shall be instituted for the cancellation of such certificate, or an action shall be commenced against him for penalties, such petition shall not be granted until the final determination of such proceedings or action ; and if the said petitioner be convicted, or said action or proceedings be determined against him, said certificate shall be canceled and all rebate thereon shall be forfeited ; but if such petitioner be acquitted, and such proceedings or action against him be dismissed on the merits, then the state commissioner of excise shall prepare two orders for the payment of such rebate," etc.     (L. 1897, ch. 312.)    Upon a careful consideration of the provisions of this statute it is apparent that the conditions imposed are conditions precedent and that the property right in the rebate does not attach if there is an arrest or indictment or other prosecution provided for in the statute pending at the time of the surrender or within thirty days thereafter.    In this case Anderman was under arrest charged with a violation of the Excise Law at the time that his certificate was surrendered and consequently was not in a position in which he could make a surrender and become entitled to the rebate.

It appears that the violation of the Excise Law charged in this case occurred before the liquor tax certificate was issued to Anderman.    It is now claimed that the arrest and prosecu-

tion referred to in section 25 of the statute has reference to violations of the law or penalties accruing during the life of the tax certificate and not to offenses committed before the certificate was issued. By referring to section 23 of the act we find that a person convicted of a violation of the act shall not be eligible to traffic in liquors until after the expiration of three years from the date of his conviction. The wording of section 25 is exceedingly broad, containing no limitation to the lifetime of the certificate. We, therefore, are of the opinion that prosecutions pending at the time of the issuance of the certificate and which are pending at the time of the surrender of the certificate or within thirty days thereafter apply with equal force and have the same effect upon the right to the rebate as violations committed after the certificate has been issued. The Frank Brewery, being the assignee and acting as agent of Anderman, stands in his shoes and has no greater rights to the rebate than he would have had had he surrendered the certificate in person.

The order appealed from should be affirmed, with costs.

Parker, Ch. J., O'Brien, Bartlett, Martin, Vann and Landon, JJ., concur.

Order affirmed.