PEOPLE ex rel. DAVID STEVENSON BREWING CO. v. LYMAN, State Excise Com'r.

(Supreme Court, Appellate Division, Second Department. March 7, 1902.)

**1. INTOXICATING LIQUORS—LIQUOR TAX CERTIFICATE—CANCELLATION—MANDAMUS TO COMPEL REBATE—VIOLATION OF LIQUOR LAW—ACQUITTAL BEFORE MAGISTRATE.**

Laws 1896, c. 112, § 25, provides that the holder of a liquor tax certificate, who, before his arrest or indictment for violation of the liquor law, voluntarily surrenders such certificate, may receive a rebate for the unexpired term. *Held*, in mandamus proceedings to compel payment of the statutory rebate, that a charge against relator for violation of the liquor law, as to which he had been discharged by a magistrate for want of sufficient cause to believe him guilty, was not ground for denial of the writ; such discharge being a dismissal on the merits, and within the meaning of the statute.

**2. SAME—PEREMPTORY WRIT—ALLEGATIONS OF ANSWER—FAILURE TO VOLUNTARILY SURRENDER CERTIFICATE—RIGHT OF RESPONDENT TO TRIAL.**

Relator's application being resisted by an answer alleging facts which, if true, showed that he had not voluntarily ceased to traffic in liquors, respondent was entitled to a trial of the issue of fact thus raised; and hence a peremptory writ was properly refused, although no prosecution had ever been instituted on account of the violations charged in the answer, since a voluntary surrender of the tax certificate is a condition precedent to the right to rebate.

Appeal from special term, Kings county.

Mandamus by the people, on the relation of the David Stevenson Brewing Company, against Henry H. Lyman, state commissioner of excise, to compel payment of a rebate on a liquor tax certificate. From an order denying relator's application for a peremptory writ, it appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

William G. McCrea, for appellant.
N. N. Stranahan, for respondent.

WILLARD BARTLETT, J. This appeal raises two questions: (1) Whether a peremptory writ of mandamus should issue in favor of a person surrendering a liquor tax certificate, directing the state commissioner of excise to pay the statutory rebate, where facts are alleged in opposition to the application which, if true, show that the applicant has not voluntarily ceased to traffic in liquors during the term for which the tax was paid under the certificate; and (2) whether an order of discharge by a city magistrate of the city of New York, reciting a determination that there is no sufficient cause to believe the accused person guilty of a violation of the liquor tax law, is a dismissal of the

proceedings on the merits, within the meaning of section 25 of that statute. Laws 1896, c. 112.

It seems to me that the second of these questions is no longer open to discussion. In the case of People ex rel. Joseph Fallert Brewing Co. v. Lyman, 53 App. Div. 470, 65 N. Y. Supp. 1062, it appeared that the city magistrate "found there was not sufficient evidence to hold defendant for trial," and therefore discharged her. This was held to be an acquittal and dismissal on the merits, and the decision of this court to that effect has since been affirmed by the court of appeals. 61 N. E. 1133. The affidavit in behalf of the relator herein sets out the issue of a liquor tax certificate to Harry Barry, the assignment thereof to the David Stevenson Brewing Company, the presentation of a petition to the state commissioner of excise for the rebate upon the unexpired term of said certificate, the delivery of the duplicate receipts required by the statute, the arrest of Barry within 30 days of the surrender for a violation of the liquor tax law; and his trial and acquittal upon such charge. The papers read in opposition to the application denied that the charge against Barry before the said city magistrate was dismissed on the merits, and set out three separate violations of the liquor tax law by Barry during the term for which the tax was paid. One of these violations was the basis of the criminal prosecution which resulted in the dismissal of the accusation, but no criminal charge had ever been made against him with reference to the two other alleged violations.

I have already shown that, under the authority of the Fallert Case, the proceedings before the city magistrate must be regarded as having been dismissed on the merits, and therefore that the prosecution on that charge afforded no reason for denying the relator's application. As to the other matters, however, the contention of the state commissioner of excise is that violation of the liquor tax law, by trafficking in liquors after the surrender of the certificate, and within the term for which the tax was paid, is in itself sufficient to defeat a claim for the recovery of the rebate, although no prosecution has ever been instituted on account of such violation. I think such is the effect of the provisions contained in section 25 of the liquor tax law. This is the view which has been taken by the appellate division, in the First department, in the recently decided case of People v. Lyman, 73 N. Y. Supp. 987, where it is held that, to entitle the holder of a liquor tax certificate to a rebate thereon, he must voluntarily have ceased to traffic in liquors, and that the existence of this cessation is a condition precedent to the recovery of such rebate. "It seems to me," says Van Brunt, P. J., "that the right to the rebate is to be construed as resting upon a contract between the licensee and the state. If such is the case, clearly, the party claiming must show compliance with all conditions precedent." In People v. Cullinan, 168 N. Y. 258, 61 N. E. 243, the court of appeals, after setting out so much of section 25 as relates to the subject under discussion here, declares, through Haight, J., that, upon a careful consideration of such provisions, it is apparent that the conditions imposed are conditions precedent. Under this construction of the statute, it seems to me that the affirmative allegations in opposition to the relator's application, to the effect

that the person to whom the certificate was issued had not ceased to traffic in liquors during the term for which the tax was paid, entitled the respondent to a trial of that question as an issue of fact, and therefore that the learned judge who heard the matter at special term was right in deciding it as he did, that the relator might have an alternative writ, if he wished, but that he had not made out a case for a peremptory mandamus. The order should therefore be affirmed.

Order affirmed, with $10 costs and disbursements. All concur.

LIQUOR TAX CERTIFICATE—REBATE—MANDAMUS.

