Court of General Sessions of the Peace in and for the County of New York, October, 1903. Reported. 41 Misc. 542.

THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff *v.* SAMUEL GANTZ, Defendant.

THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff *v.* HENRY REYNOLDS, Defendant.

THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff *v.* PATRICK CLARK, Defendant.

**Liquor Tax Law—New York city bartender, charged with a violation, granted a trial by indictment where one employee of the same certificate holder has already been convicted.**

In view of the facts that subdivision 3 of section 34 of the Liquor Tax Law forfeits a certificate for two convictions of employees or servants of a holder thereof and that other punishment and penalties and losses may attend such a forfeiture in the city and county of New York, it is "reasonable" within the meaning of the city charter that charges against employees or bartenders of a certificate holder of that city and county, one of whose employees has already been convicted of a violation of the statute, be proceeded with by indictment and in a court which has a jury.

APPLICATIONS for certificates that it is reasonable that the charges herein be proceeded with by indictment. The provision as to such a certificate is to be found in L. 1901, ch. 466, § 1409.

Goldfogle, Cohn & Lind, for defendant Gantz.

Wentworth, Lowenstein & Stern, for defendant Reynolds.

James J. Walsh, for defendant Clark.

William Travers Jerome, District Attorney (Henry G. Gray, of counsel), opposed.

FOSTER, J. These applications are for a trial before a jury of alleged violations of the Liquor Tax Law. The defendants herein are employees or barkeepers, and it appears that there has already been a conviction of another employee of the same employer, and under circumstances which, were convictions had herein, would visit upon the employers and proprietors, the forfeitures set forth in the Liquor Tax Law.

In *People* v. *Cornyn,* 36 Misc. Rep. 135, I held, that the severe penalties and consequent forfeitures attendant upon the conviction of the proprietor of a liquor store in the county of New York, made such a case more like a felony than a misdemeanor; and made it reasonable that the charge be proceeded with by indictment, to the end that the case should be investigated by men taken from various walks in life, such as constitute juries in our courts of record, and who are, according to our law, best qualified to judge as to what inferences and conclusions ought to be drawn from a given state of facts; and in that case I pointed out that throughout the State, *excepting* only in this city and county, a jury trial is *granted as of right* to all such defendants. In that case I further observed that a violation of the excise law is punished more severely in this city and county than anywhere else in the State. Since that opinion was written the Legislature has amended the excise law and made the property right involved very much greater (by increasing by one-half the excise tax in this city and county).

At this time in addition to the punishment, in the discretion of the judge of one year's imprisonment, and in addition a fine of five hundred dollars for a conviction for violation of the excise law, there is also a mandatory punishment *visited by operation of law,* upon one so convicted, of a forfeiture of license valued at $1,200, and a possible penalty under the bond given for non-violation of such law of the $2,400, thus aggregating four thousand one hundred ($4,100) dollars, and, in addition to all these, the reminder of the long ago abolished bill of attainder in that one so convicted cannot again follow his usual vocation of selling liquor for a future period of three years.

To call a crime a misdemeanor when visited with such drastic and ruthless punishment is a mockery. Few felonies are so severely punished.

In People v. Cornyn I held further, that the consequences following the conviction of an employee were by no means so severe, but were those of ordinary misdemeanors, and therefore that I would not certify their cases to the grand jury in the absence of extraordinary facts, justifying or requiring it.

In these cases now before me a conviction of the employees *by operation of law* visits all these direful consequences upon the employer, who is not before the court at all.

Waiving the question of the constitutionality of the law, which

thus without a trial, without due process of law, or even a hearing in court, purports to deprive the employer of his property and property rights, is it not reasonable with so much at stake, to leave the question of the defendants' guilt to a jury of his peers, representing as they do the common sense of the community? It seems to me that the mere statement of this question carries its own answer.

On principle, therefore, I deem it "reasonable" that the charge herein be proceeded with by indictment. Not upon principle alone, but I am pleased to say upon authority as well, for I find that Mr. Justice Bischoff in the case of *People* v. *Hoenig,* in the Supreme Court (N. Y. L. J., Feb. 13, 1903), held "The fact that there has been one conviction of an agent or servant of the certificate holder heretofore involves the loss by the latter of his privileges under the certificate, should this prosecution result in a conviction. Liquor Tax Law, § 34, subd. 3. Therefore, the reasons which justify an application for a direction that the charge be prosecuted by indictment in the case of the certificate holder, personally, apply to such a case as this. Motion granted."

These motions, therefore, must be granted.

Motions granted.