(58 Misc. Rep. 631.)

### PEOPLE ex rel. ZELTNER BREWING CO. v. CLEMENT.

(Supreme Court, Trial Term, New York County. April, 1908.)

1. INTOXICATING LIQUORS—VIOLATION OF LAW—PUNISHMENT.

Where a person not the holder of a liquor tax certificate violates Liquor Tax Law, Laws 1896, p. 73, c. 112, § 31, the only punishment is by fine and imprisonment.

2. SAME—CERTIFICATE—SURRENDER—RIGHT TO REBATE.

Where a person not the holder of a liquor tax certificate violates Liquor Tax Law, Laws 1896, p. 73, c. 112, § 31, and on conviction is sentenced to pay a fine or imprisonment, and after such violation and before conviction obtains a liquor tax certificate permitting him to sell liquors at another place, and assigns the certificate after his conviction with a power of attorney authorizing its cancellation, the conviction of the person to whom the certificate was issued is no ground for forfeiting his right to a rebate on the surrender of the certificate.

Application by the people, on the relation of the Zeltner Brewing Company, for writ of mandamus to Maynard N. Clement to compel payment of a rebate on the surrender of a liquor tax certificate. Writ granted.

Paul De Fere, for relator.

H. H. Kellogg, for respondent.

TRUAX, J. On May 1, 1907, George A. Lewis applied to the deputy commissioner of excise for the boroughs of Manhattan and the Bronx for a certificate permitting him to traffic in liquors at the premises No. 1128 Third avenue, in the borough of Manhattan, New York City, for one year, from May 1, 1907. On that day a certificate was duly issued by the deputy commissioner of excise, in accordance with the provisions of the liquor tax law of the state of New York. Said certificate was numbered 5,664. On the same day the said George A. Lewis assigned the said certificate to the North Side Brewing Company, with a power of attorney to surrender the certificate for cancellation, and on July 1, 1907, Edward G. Benedict, as receiver in bankruptcy of the North Side Brewing Company, pursuant to an order of the District Court of the United States for the Southern District of New York, assigned said liquor tax certificate to the Zeltner Brewing Company, the relator herein, with power of attorney to surrender the said certificate for cancellation. On August 1, 1907, pursuant to the provisions of section 25 of the liquor tax law (Laws 1896, p. 67, c. 112), the Zeltner Brewing Company surrendered said liquor tax certificate to the special deputy commissioner of excise for the boroughs

of Manhattan and the Bronx for cancellation, and there was issued and delivered to the Zeltner Brewing Company the usual receipt. At the time of said surrender, on August 1, 1907, the said George A. Lewis had ceased to traffic in liquors at No. 1128 Third avenue, in the borough of Manhattan, New York City. On August 1, 1907, at the time of said surrender, no complaint, prosecution, or action was pending against George A. Lewis or against his assignee, the North Side Brewing Company, or against Edward G. Benedict, as receiver of the North Side Brewing Company, or against the relator, the Zeltner Brewing Company, for the violation of any provisions of the liquor tax law, and neither George A. Lewis, the North Side Brewing Company, Edward G. Benedict, as receiver of the North Side Brewing Company, nor the Zeltner Brewing Company had violated any of the provisions of the liquor tax law during the excise year for which the certificate was issued, nor have they violated such provisions at any time since the surrender of said certificate for cancellation. George A. Lewis, to whom said liquor tax certificate No. 5,664 was issued, violated section 31 of the liquor tax law on or about the 24th day of March, 1907, at the premises No. 185 Greenwich street, in the city of New York. At the time of said violation the said George A. Lewis was a bartender, and was not a certificate holder, and he was, on March 24, 1907, in the employ of another person who was a certificate holder. For such violation he was arrested and held for trial at the Court of Special Sessions, First Division, city of New York, and was, on or about the 27th day of June, 1907, duly tried in the Court of Special Sessions, and was on said day convicted on a plea of guilty of a violation of the liquor tax law and sentenced to pay a fine of $10, or in default thereof to be imprisoned for two days in the city prison.

The decision of the Court of Appeals in People ex rel. Frank Brewery v. Cullinan, 168 N. Y. 258, 61 N. E. 243, has no application to the present case, because the law therein applied has since been changed by chapter 486, p. 1111, Laws 1903. The facts in the Frank Case were these: A tax certificate was issued to one Anderman April 25, 1899. He thereupon assigned same to the Frank Brewery. On June 1, 1899, the brewery surrendered the certificate and applied for the rebate. On April 22, 1899, three days before the tax certificate was issued, said Anderman was arrested on a charge of violating the excise law, and was bound over by a magistrate to await the action of the grand jury. On August 1, 1899, he was indicted and subsequently convicted and fined $800. The Court of Appeals held that a person violating the liquor tax law had no right to a liquor tax certificate within three years from the time of his conviction for such violation, and that it made no difference whether at the time he violated the liquor tax law he was then the holder of a liquor tax certificate or not; that a person who violated the liquor tax law and prior to his conviction for such violation obtained a liquor tax certificate forfeited his right to a rebate upon the surrender thereof, and it made no difference whether the violation was committed during the life of the tax certificate surrendered and on which a rebate was asked or before the issuance thereof, provided, of course, that such person was arrested or indicted for such

violation within 30 days from the date of the receipt by the State Commissioner of Excise of the certificate so surrendered. The law as applied in the Frank Brewery Case by the Court of Appeals was found in the liquor tax law (Laws 1896, p. 45, c. 112), as amended by chapter 312, p. 207, Laws 1897. The opening portion of section 25 then read as follows:

"If a corporation, association, copartnership or person holding a liquor tax certificate and authorized to sell liquors under the provisions of this act, against which or whom no complaint, prosecution or action is pending on account of any violation thereof, shall voluntarily and before arrest or indictment for violation of the liquor tax law cease to traffic in liquors during the term for which the tax is paid under such certificate, such corporation, association, copartnership or person, or their duly authorized attorney, may surrender such tax certificate to the officer who issued the same."

This portion of section 25 of the liquor tax law was amended by chapter 486, Laws 1903, so as to read as follows:

"If a person holding a liquor tax certificate and authorized to sell liquors under the provisions of this act, against whom no complaint, prosecution or action is pending on account of any violation thereof, and who shall not have violated any provision of the liquor tax law during the excise year for which such certificate was issued, shall voluntarily and before arrest or indictment for a violation of the liquor tax law cease to traffic in liquors during the term for which the tax is paid under such certificate, such person or his duly authorized attorney may surrender such tax certificate to the officer who issued the same."

This amendment of section 25 made no change in the law as to the right of a person violating the liquor tax law to secure a liquor tax certificate within three years from the time of his conviction for such violation. But it did change the law with reference to the forfeiture of the rebate. It was the intention of the Legislature in so amending section 25 to provide that the rebate on the surrender of the tax certificate should not be forfeited except in a case where the violation of the liquor tax law for which a forfeiture is claimed had been committed during the life of the liquor tax certificate so surrendered on which a rebate is asked. The only argument that can be made against this contention must be founded upon the words "and before arrest or indictment for a violation of the liquor tax law." It may be said that though no complaint, prosecution, or action was pending on account of any violation of the liquor tax law against Lewis on August 1, 1907, and though he had not violated any provision of the liquor tax law during the excise year for which the surrendered certificate was issued, yet he had before August 1, 1907, been arrested and indicted for a violation of the liquor tax law. All of the words of the section must be read together. The words "and before arrest and indictment for a violation of the liquor tax law" must refer to a violation of the liquor tax law during the excise year for which the surrendered certificate was issued. If this limitation is not put upon the language, the amendment is meaningless, and certainly the court will not put such a construction upon the language as to make the amendment meaningless unless it is absolutely forced so to do. If the liquor tax certificate issued to Lewis had not been surrendered, he might have continued to carry on the

business of liquor selling during the balance of the excise year, or he might have surrendered it and procured a transfer allowing him to conduct the business in another place, or he might have surrendered it and secured its transfer to some other person, allowing that person to transact the liquor business in the original place or elsewhere. The State Excise Commissioner could not bring any proceedings to compel the cancellation or surrender of the certificate in question, because the liquor tax law expressly provides that the only penalty shall be a fine or imprisonment. As a matter of fact, the State Commissioner of Excise brought no such proceeding. The certificate is now surrendered, and the opportunity of continuing business under it has been lost, and yet the state refuses to pay a rebate. This is certainly a very unjust advantage for the state. It should not be allowed to keep the certificate and refuse to pay the rebate. At the time Lewis violated the liquor tax law he was not a holder of a liquor tax certificate, but simply an employé of another person who then held a tax certificate. Under section 34 of the liquor tax law the conviction of Lewis for a violation thereof would not have caused a forfeiture to his employer of his right to a rebate on his surrender of his liquor tax certificate. Two convictions of employés were necessary to such forfeiture. How could it be contended that a conviction of an employé for one violation committed before the issuance to him of a liquor tax certificate shall forfeit his right to a rebate on a certificate subsequently issued to him?

Subdivision 2 of section 34 of the liquor tax law provides the punishment that shall be inflicted upon persons violating provisions of the liquor tax law, and one item of the punishment is that he shall forfeit the liquor tax certificate and the right to a rebate thereunder. The final clause of this subdivision, however, excepts from this punishment one class of violators. This clause reads as follows:

"But this clause does not apply to violations of section thirty-one of this act by persons not holding liquor tax certificates, the punishment for which is provided in the first clause of this section."

In the present case Lewis was guilty of a violation of section 31 of the act (the selling of liquor on Sunday), and was not a holder of a liquor tax certificate, and therefore the punishment for his offense cannot possibly include a forfeiture of his liquor tax certificate. Here lies the most important distinction between the case at bar and the case of the Frank Brewery, 168 N. Y. 258, 61 N. E. 243. In the Frank Case, Anderman was charged with the selling of spirituous liquors to be drunk upon his premises. It will be noticed that he is the principal, and not, as in the case at bar, an employé. He was charged with the violation of the first subdivision of section 34 of the excise law (Laws 1896, p. 75, c. 112, as amended by Laws 1897, p. 237, c. 312, § 34), which provides that:

"Any person trafficking in liquors who is prohibited from doing so, or who so traffics without having lawfully obtained a liquor tax certificate * * * or who shall neglect or refuse to make application for a liquor tax certificate or give the bond or pay the tax imposed as required by this act, shall be guilty of a misdemeanor, and upon conviction thereof shall be punished

by a fine  *  *  *  and may also be imprisoned in a county jail or penitentiary for a term of not more than one year."

In the Frank Case the court said:

"The appellant contends that under section 34 of the liquor tax law the selling of liquor without a liquor tax certificate is made a misdemeanor punishable by fine, and that no forfeiture of the liquor tax certificate thereafter procured or of the rebate thereon is prescribed by the statute.  *  *  *  It is true that subdivision 1 of section 34 of the liquor tax law prescribes a punishment by fine and does not provide for a forfeiture of the liquor tax certificate or of the rebate, but the provisions of section 25 of the law providing for a rebate impose certain conditions to the attaching of a right to the rebate."

Bearing in mind that the Legislature had to make some difference between a principal who came within subdivision 1 of section 34 and an employé of a certificate holder, subdivision 2 of section 34 provided that:

"Any  *  *  *  person who  *  *  *  shall violate any of the provisions of sections sixteen, twenty-one, twenty-two, twenty-three, twenty-four, thirty and thirty-one shall be guilty of a misdemeanor, and upon conviction thereof shall be punished by a fine  *  *  *  and shall forfeit the liquor tax certificate and be deprived of all rights and privileges thereunder, and of any right to a rebate of any portion of the tax paid thereon, and such certificate shall be surrendered to the officer who issued it  *  *  *  but this clause does not apply to violations of section thirty-one of this act by a person not holding a liquor tax certificate, the punishment for which is provided in the first clause of this section."

The violation in the Frank Brewery Case occurred under subdivision 1 of section 34, but in the case at bar it is a violation under subdivision 2 of that section, and, where a person not a certificate holder violates section 31 of the law, subdivision 2 of section 34 expressly provides that the only punishment shall be a fine, and not the forfeiture of a liquor tax rebate on the license obtained. This express exception of the statute is so clear that it does not require any further discussion.

A writ of mandamus should issue as prayed.