PEOPLE ex rel. ZELTNER BREWING CO. v. CLEMENT, State Excise Com'r.

(Supreme Court, Appellate Division, First Department. November 13, 1908.)

1. INTOXICATING LIQUORS (§ 97*)—REGULATION—LIQUOR TAX CERTIFICATE—SURRENDER—REBATE—STATUTES.

　　Liquor Tax Law (Laws 1896, p. 67, c. 112) § 25, as amended by Laws 1903, p. 1122, c. 486, provides that if a person holding a liquor tax certificate, against whom no complaint, prosecution, or action is pending for violation of the law and who shall not have violated any provision thereof during the year for which the certificate was issued, shall before arrest and indictment for violation of the law cease to traffic in liquors before the expiration of the term, he may obtain a rebate. Section 34 (Laws 1896, p. 75, c. 112), as amended by Laws 1908, p. 1046, c. 350, declares that a liquor tax certificate shall not be issued to any person convicted of violating the liquor tax law within three years of the date of conviction. Held, that the amendment only added a new condition precedent to a cer-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes

tificate holder's right to a rebate, and did not authorize the granting of such rebate where the certificate holder was under arrest when the certificate was issued for a prior violation of the liquor tax law, for which he was convicted prior to the surrender and application for rebate.

[Ed. Note.—For other cases, see Intoxicating Liquors, Dec. Dig. § 97.*]

2. INTOXICATING LIQUORS (§ 97*)—LIQUOR TAX CERTIFICATE—SURRENDER AND REBATE.

Liquor Tax Law (Laws 1896, p. 65, c. 112) § 23, as amended by Laws 1905, p. 1735, c. 680, provides that no person shall traffic in liquors who shall be convicted of violating the act until three years from the date of the conviction. *Held*, that where a person to whom a liquor tax certificate was issued while under arrest for a prior violation of the law continued to sell liquor under the certificate after his conviction within such three-year period and before an application for surrender and rebate, a rebate was not authorized by Liquor Tax Law (Laws 1896, p. 67, c. 112) § 25, as amended by Laws 1903, p. 1122, c. 486, providing for a rebate only to a person holding a liquor tax certificate and "authorized to sell liquor" under the provisions of the act.

[Ed. Note.—For other cases, see Intoxicating Liquors, Dec. Dig. § 97.*]

Appeal from Special Term, New York County.

Application by the people, on the relation of the Zeltner Brewing Company, for mandamus to compel Maynard N. Clement, state commissioner of excise, to grant a rebate on the surrender of a liquor tax certificate issued to George A. Lewis and assigned to relator. From an order granting a peremptory writ (58 Misc. Rep. 631, 111 N. Y. Supp. 1033) the commissioner appeals. Reversed.

Argued before PATTERSON, P. J., and McLAUGHLIN, LAUGHLIN, HOUGHTON, and SCOTT, JJ.

Herbert H. Kellogg, for appellant.
Thaddeus D. Kenneson, for respondent.

McLAUGHLIN, J. On the 1st of May, 1907, one George A. Lewis applied for and obtained for the following excise year a liquor tax certificate to traffic in liquors at No. 1128 Third avenue, in the city of New York. This he at once assigned to the Northside Brewing Company, and about the 1st of July following the receiver of that company assigned it to the relator, Zeltner Brewing Company. Both assignments were accompanied by powers of attorney to surrender the certificate for cancellation and rebate, and on the 1st of August, 1907, the relator surrendered the same for cancellation and rebate, as provided in section 25 of the Liquor Tax Law. Laws 1896, p. 67, c. 112, § 25, as amended. Lewis, on the 24th of March, 1907, was arrested for a violation of section 31, subd. "a," of the liquor tax law (Laws 1896, p. 73, c. 112)—selling liquors on Sunday at No. 185 Greenwich street, where he was employed as a bartender by the holder of a liquor tax certificate for that place. He was subsequently indicted for the same offense, and on the 1st of May, when the certificate in question was issued to him, the indictment was pending and undetermined. On the 27th of June, 1907, he was convicted of the crime charged in the indictment upon a plea of guilty, and for this reason the appellant, as state commissioner of excise, refused to execute an order for the payment of the rebate, and thereafter the Zeltner Brew-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ing Company obtained an alternative writ of mandamus directing him to show cause why he should not execute and deliver the requisite orders for such payment. At the conclusion of the trial of the issues raised by the commissioner's return to the petition for the writ, the court found the facts substantially as stated, and reached the conclusion that the relator was entitled to a peremptory writ, which he allowed, with $50 costs and disbursements. The appellant filed exceptions to this decision, and appeals from the order directing the issuance of the writ.

The provisions of the statute for the surrender of liquor tax certificates and the payment of rebates therefor are contained in section 25 of the liquor tax law as amended. Prior to the amendment in 1903 (Laws 1903, p. 1122, c. 486) this section read as follows:

"If a corporation, association, copartnership or person holding a liquor tax certificate and authorized to sell liquors under the provisions of this act, against which or whom no complaint, prosecution or action is pending on account of any violation thereof, shall voluntarily, and before arrest or indictment for a violation of the liquor tax law, cease to traffic in liquors during the term for which the tax is paid under such certificate, such corporation, association, copartnership or person or their duly authorized attorney may surrender such tax certificate to the officer who issued the same. * * * "

In People ex rel. Frank Brewery v. Cullinan, 168 N. Y. 258, 61 N. E. 243, the court held that where the holder of a certificate was under arrest, charged with a violation of the excise law, at the time the certificate was surrendered, no rebate could be collected, although the violation charged had occurred before the certificate was issued, and that the arrest and prosecution referred to in section 25 did not have reference to violations of the law during the life of the certificate only. By chapter 486, p. 1122, of the Laws of 1903, section 25 was amended so as to read:

"1. If a person holding a liquor tax certificate and authorized to sell liquors under the provisions of this act, against whom no complaint, prosecution or action is pending on account of any violation thereof, and who shall not have violated any provision of the liquor tax law during the excise year for which such certificate was issued, shall voluntarily, and before arrest or indictment for a violation of the liquor tax law, cease to traffic in liquors. * * * "

And the court before whom this proceeding was tried was of the opinion that this had changed the law, so that the right to a rebate was forfeited only by an offense committed during the life of the certificate. I do not think this is a proper construction of the statute. It destroys the manifest purpose sought to be accomplished, and the words used are not susceptible of such construction. The general words used in the prior statute still remain—that there must be no complaint or action pending for any violation of the law—and this court has twice held that all the amendment did was to add another condition precedent, which must be shown before the right to a rebate can be established. People ex rel. A. Hupfel's Sons v. Cullinan, 95 App. Div. 598, 88 N. Y. Supp. 1022; People ex rel. Munch Brewery v. Clement, 117 App. Div. 539, 102 N. Y. Supp. 779. In the case last cited Mr. Justice Clarke said:

"To entitle the holder to the rebate there are certain conditions precedent, the fulfillment of which must be completed at the time of the surrender; and,

being conditions precedent, their fulfillment must be alleged, and the burden of establishing them is upon the certificate holder. These conditions are as follows: First, there must be no complaint, prosecution, or action pending on account of a violation of the liquor tax law; second, the person surrendering must not have violated any provision of the liquor tax law during the excise year for which this certificate was issued; third, the certificate must be surrendered before arrest or indictment for a violation of the liquor tax law; fourth, the person surrendering must have ceased to traffic in liquors during the term for which the tax was paid. * * * The amendment of 1903 * * * inserted in section 25 * * * the additional condition precedent, 'And who shall not have violated any provision of the liquor tax law during the excise year for which such certificate was issued.' "

If no rebate could have been collected, had the certificate been surrendered intermediate Lewis' arrest and conviction, it seems not only illogical, but an unwaranted construction of the statute, to hold that the right to the rebate was regained by his conviction. But it is claimed that since no proceedings were pending against him when the certificate was in fact surrendered, and he had not violated the law during the year for which the certificate was issued, the rebate could only be denied on the ground that the certificate was not surrendered "before arrest or indictment for a violation of the liquor tax law," and it is argued that, unless these words refer only to violations within the life of the certificate, then arrest or indictment, with or without subsequent conviction, would prevent the recovery of a rebate on any certificate thereafter issued to the person arrested. I do not think this follows, because section 34 of the act (as amended by chapter 350, p. 1046, Laws of 1908) provides that a liquor tax certificate shall not be issued to any person convicted of a violation of the liquor tax law within three years of the date of the conviction. This, impliedly at least, permits a person to surrender his tax certificate and recover the rebate; even though he has been previously convicted, provided such conviction was at least three years before the certificate was issued.

But there is another provision of the act which prevented the relator from obtaining the rebate in question. Section 23 (as amended by chapter 680, p. 1735, Laws of 1905) provides that:

"No corporation, association, copartnership or person mentioned in this section shall traffic in liquors except as herein provided: (1) No person * * * (d) who shall be convicted for a violation of this act, until three years from the date of such conviction."

Under this section Lewis could not lawfully traffic in liquors from the date of his conviction. He would have been guilty of a crime had he done so, whether he held a liquor tax certificate or not. It is only a "person holding a liquor tax certificate and authorized to sell liquors under the provisions of this act" who can avail himself of the provisions of section 25. On the 1st of August, when the certificate in question was surrendered, Lewis (and his assignees, so far as obtaining the rebate is concerned, are in no better position) was not only unauthorized to sell liquors under the liquor tax law, but was expressly prohibited from so doing, since he had been convicted of a violation of the law less than two months before. The question is, not whether his certificate could have been revoked, but whether he, or his assignees, at the time the certificate was surrendered, were en-

titled to a rebate as provided in section 25. The necessary proof was not made showing that he was entitled to such rebate, and it could not have been made, because his conviction deprived him of the right to then sell liquors under the provisions of the act.

The order appealed from, therefore, should be reversed, with $10 costs and disbursements, and the writ quashed, with $50 costs.

PATTERSON, P. J., and LAUGHLIN and SCOTT, JJ., concur. HOUGHTON, J., concurs on first ground.