THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* HARRY A. TAFFER, THOMAS MACDONALD and SAMUEL BLOOM, Defendants.

County Court, Kings County, April 8, 1939.

*William F. X. Geoghan,* District Attorney [*Edward Levine* of counsel], for the plaintiff.

*Charles B. Hochberg,* for the defendants.

BRANCATO, J. The defendants Harry A. Taffer and Thomas MacDonald, both licensed operatives in the employ of a private detective agency, are charged by information in the Court of Special Sessions with the crime of conspiring to obstruct justice in violation of section 580 of the Penal Law, a misdemeanor. They now move this court for a certificate removing the trial of said case from the Court of Special Sessions and to proceed by indictment in this court.

Even if the defendants were correct in their contention, and they are not (Inferior Criminal Courts Act, § 31, subd. 1; *People* v. *Butts,* 121 App. Div. 227; *People* v. *Rosenberg,* 59 Misc. 342), that the Court of Special Sessions is without authority to try and determine a case of conspiracy such as they are accused of committing, a motion to remove is not the proper remedy whereby to raise the issue of lack of jurisdiction. Their recourse lies in a motion to dismiss addressed to the court in which the information is filed. (Id. subd. 4.) An application for the relief herein sought presupposes that the court below has, in fact, jurisdiction to try and determine the case in question and that the purpose thereof is to divest said court of the authority to exercise it.

While a conviction of defendants might entail a loss of their license to function as private detectives (Gen. Business Law, § 81), such loss does not affect a property right as contemplated by the courts when granting a certificate of removal of a case from the Court of Special Sessions to be prosecuted by indictment. Private detectives practice their calling by permission or license of the State. It is a privilege which the State confers, and their status is no different, within the purview of section 57 of the Code of Criminal Procedure and paragraph c of subdivision 1 of section 31 of the Inferior Criminal Courts Act, than that of lawyers or doctors, to whom the courts do not generally grant the relief herein prayed for by the defendants. (*People* v. *Speiser,* 162 Misc. 9; *People* v. *Sabourin,* 166 id. 23.) The defendants cite the decision by this court in the case of *People* v. *McGuinness* (168 Misc. 849), which, however, is no authority in support of their contention. McGuinness is an attorney, was a public official and member of the pension system in whose fund he had a property right which he would lose following a conviction. No such property right is shown to exist here, though I am not unmindful that, if the defendants lose their license as private detectives by reason of a conviction they may not be able to legitimately follow their avocation in which they are said to be especially trained. But, as was said in the case of *People* v. *Rosenberg* (*supra,* at p. 316): " The right which a person has to pursue a lawful occupation or calling is, using the term in its

broadest sense, a property right. See *Slaughter-House* case (16 Wall. 116, 122), where BRADLEY, J., in his dissenting opinion, says: ' The right to choose one's calling is an essential part of that liberty which it is the object of government to protect; and a calling when chosen is a man's property and right.' A license to a person to follow any particular trade or business is not an appointment to office, nor does it confer any of the powers or privileges of a public officer. Its object is for the purpose of controlling the business and preventing it being conducted in a manner injurious to the public welfare. (*People* v. *Acton*, 48 Barb. 524.) * * * A conviction in the case at bar would seemingly, *prima facie* present good cause for the revocation of the defendant's license; but such a conviction would not necessarily, and as matter of law, work such a revocation. In this respect the cases at bar are different from convictions for violations of sections 11, 21, 22, 23, 24, 30 or 31 of the Liquor Tax Law, Laws 1896, pp. 51, 65, 66, 72, 73, c. 112, § 34, subds. 2, 3, as amended Laws 1897, pp. 237, 238, c. 312, which convictions, *ipso facto*, work a forfeiture of the license (*People ex rel. Frank Brewery* v. *Cullinan*, 168 N. Y. 258; *People* v. *Gantz*, 41 Misc. 542); and it is in part because of this distinction that a property right cannot be said to be involved in the present case in the sense in which such a right is involved in certain cases under the Liquor Tax Law."

The other grounds upon which the defendants base their application herein for the removal of their case from the Court of Special Sessions are without merit. It is not to be denied that some cases even in that court may involve complicated and difficult questions of law and facts. But, whatever may be said in justification for divesting the court of jurisdiction on those grounds prior to 1910 when some of the judges thereof were not members of the bar, it seems ridiculous to press such claim today when experienced lawyers preside in that court and whose judgments are reviewed by the same appellate court that reviews the judgments of this court. Our experience negatives defendants' contention based upon such obsolete grounds. The judges of the Court of Special Sessions should not be hastily divested of jurisdiction nor their ability esteemed lightly by defendants who prefer being tried by a jury.

Motion denied. Submit order.